**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2020 KA 0975**

**STATE OF LOUISIANA**

**VERSUS**

**KARL JUSTIN NIXON**

**Judgment Rendered:** JUN 0 4 2021

\* \* \* \* \* \*

On Appeal from the Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket No. 765,020

Honorable David W. Arceneaux, Judge Presiding

\* \* \* \* \* \*

Joseph L. Waitz, Jr.                    Counsel for Appellee
District Attorney                       State of Louisiana
Ellen Daigle Doskey
Assistant District Attorney
Houma, LA


Cynthia K. Meyer                        Counsel for Defendant/Appellant
Louisiana Appellate Project             Karl Justin Nixon
New Orleans, LA


Karl Justin Nixon                       Defendant/Appellant
Louisiana State Prison                  In Proper Person
Angola, LA


\* \* \* \* \* \*

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**McCLENDON, J.**

Defendant, Karl Justin Nixon, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:30.1 and LSA-R.S. 14:27. Defendant entered a plea of not guilty and, following a jury trial, was found guilty by a ten-to-two verdict of the responsive offense of attempted manslaughter, a violation of LSA-R.S. 14:31 and LSA-R.S. 14:27. The State filed a habitual offender bill of information.[1] At a hearing on the matter, defendant was adjudicated a fourth-or-subsequent felony habitual offender and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals, designating one counseled assignment of error.[2] We set aside defendant's conviction, habitual offender adjudication, and sentence. We remand for a new trial.

In his sole assignment of error, defendant argues that the district court erred in accepting a ten-to-two non-unanimous jury verdict.[3] He asserts his verdict is invalid because a unanimous verdict is required under the Sixth and Fourteenth Amendments of the United States Constitution.

In **Ramos v. Louisiana**, __ U.S. __, __, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), the United States Supreme Court overruled **Apodaca v. Oregon**,[4] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution,

---

[1] Defendant has prior convictions for possession of cocaine, simple arson, aggravated assault with a firearm (domestic violence), and aggravated battery.

[2] Defendant filed a pro se brief, addressing the same non-unanimous verdict issue. Defendant also argues in his pro se brief ineffective assistance of counsel because defense counsel, according to defendant, declined the State's plea offer in court without the presence of defendant. Defendant cites to a minute entry to support his claim. The record does not establish any conversations defendant and defense counsel may have had regarding the plea offer. Accordingly, this allegation would normally be reserved for an application for post-conviction relief, subject to the requirements of LSA-C.Cr.P. arts. 924 through 930.9. This assignment of error, however, is also moot because the remedy for a finding of ineffective assistance of counsel is the grant of a new trial. See **State v. Jackson**, 16-1100 (La. 5/1/18), 248 So.3d 1279 (per curiam).

[3] In his motion to quash the habitual offender bill of information, one of the arguments asserted by defendant was that his guilty verdict was non-unanimous.

[4] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

2

incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. **Ramos**, __ U.S. at __, 140 S.Ct. at 1406.

Accordingly, we set aside defendant's conviction, habitual offender adjudication, and sentence, and remand the case for a new trial.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL.**